UNITED STATES DISTRICT COURT                                              **C/M**
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                      :

ALTARIQ McIVER,                         :

                           Plaintiff,        :      **MEMORANDUM DECISION AND ORDER**
                                        :

            - against -            :      18-cv-333 (BMC) (LB)
                                        :

NEW YORK CITY POLICE DEPARTMENT  :
and POLICE OFFICER THOMAS           :
REDMOND,                          :
                                        :

                        Defendants.     :
                                        :

------------------------------------------------------------- X

**COGAN,** District Judge.

       Plaintiff Altariq McIver commenced this action pursuant to 42 U.S.C. § 1983 while he

was incarcerated at the Metropolitan Detention Center in Brooklyn, New York.[1]  Plaintiff

submitted a partial filing fee, which was misapplied to his criminal case.  As a result, the action

was dismissed for plaintiff's failure to pay the filing fee.  Plaintiff has subsequently appealed the

dismissal,[2] moved for *in forma pauperis* status, and requested to reopen the action in this Court.

Plaintiff's motion to proceed *in forma pauperis* is granted.  Plaintiff's motion to reopen his case

is granted, but the New York City Police Department ("NYPD") is dismissed as a defendant.

---

[1] Plaintiff is currently detained at Estill FCI, with a projected release date of September 17, 2018.  See Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/.  Plaintiff must notify the Court if his address changes.

[2] The Court of Appeals dismissed the appeal by Mandate issued September 4, 2018.

**SUMMARY OF COMPLAINT**

Plaintiff's complaint describes a police chase following a robbery. Plaintiff fled from the scene of the robbery in a vehicle. The police chased him and the vehicle crashed. Plaintiff jumped out of the vehicle and continued his flight on foot, but he slipped on ice and fell. When he was on the ground, a police officer fired five to seven shots at him, striking him in the torso.

Plaintiff suffered broken ribs, as well as damage to his right lung, his diaphragm, and his liver. A bullet remains lodged in his lower back. He also suffers from anemia as a result of blood loss and multiple blood transfusions.

Plaintiff names the NYPD and Police Officer Thomas Redmond as defendants and seeks unspecified monetary damages.

**DISCUSSION**

When a prisoner seeks redress from a governmental entity or its officers or employees, the Court must "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, pursuant to 28 U.S.C. § 1915, the Court must dismiss an *in forma pauperis* action if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court must read a *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, *pro se* complaints must still plead "enough facts to state a claim to relief that is plausible on its face,"

2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this tenet is "inapplicable to legal conclusions." Id.

As stated above, plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 permits a plaintiff to seek damages for violations of their constitutional rights. A plaintiff must allege that "the conduct complained of [was] committed by a person acting under color of state law," and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Plaintiff names the NYPD as a defendant. However, the New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter ch. 17, § 396; see also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City"). Because Plaintiff cannot sue the NYPD, his claims this agency are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

It would be futile to substitute the City of New York as a defendant. A municipality can only be liable under Section 1983 if the plaintiff can show that a municipal policy or custom caused the deprivation of constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury."). Plaintiff has not alleged any unconstitutional policy or custom that would confer municipal liability, and "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the

incident includes proof that it was caused by an existing, unconstitutional municipal policy[]

[that] can be attributed to a municipal policymaker." See Mitchell v. City of New York, 841

F.3d 72, 80 (2d Cir. 2016) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985)).

## CONCLUSION

Plaintiff's motions to proceed *in forma pauperis* and to reopen the case [9] are granted.

This Court's Order of March 19, 2018 and the Clerk's Judgment of March 22, 2018 are vacated.

All of the claims in plaintiff's complaint against the NYPD are dismissed for failure to

state a claim pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). No summons shall

issue against the NYPD. Plaintiff's claims may proceed against the named police officer. The

Court directs the Clerk of Court to issue a summons for Officer Thomas Redmond of the 67th

Police Precinct and directs the United States Marshals Service to serve the complaint and the

summons on the defendant. The Clerk of Court shall mail a copy of this Order and the complaint

to the New York City Law Department and to plaintiff. The Court refers this matter to

Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                          _____
                                          U.S.D.J.

Dated: Brooklyn, New York
          September 5, 2018

4