UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALTARIQ G. MCIVER,

                Plaintiff,                      **REPORT & RECOMMENDATION**
                                                                             **18 CV 333 (BMC)(LB)**

    -against-

POLICE OFFICER THOMAS REDMOND,

                Defendant.
----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      This *pro se* civil rights case was referred to me for all pretrial purposes. Plaintiff has failed to comply with the Court's Order to respond to defendant's discovery requests. Plaintiff also failed to appear at the January 28, 2020 Court-ordered telephonic conference and to respond to the Court's Order to Show Cause. I therefore respectfully recommend that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff filed this *pro se* civil rights action on January 16, 2018,[1] alleging that defendant used excessive force against him. ECF No. 1. Specifically, plaintiff alleges that he

> was involved in a police chase after fleeing from a robbery. After the vehicle I was in crashed[,] I jumped out and started to run from the police. It was winter time and there was snow and ice on the ground and I fell . . . after slipping on some ice. After I fell[,] the Officer began firing shots at me while I was face down on the ground. He fired between 5 to 7 shots. I was struck in my right torso along my rib-cage from my armpit to my waist.

Id. Plaintiff, now living in North Carolina, appeared by telephone for four Court conferences.[2] ECF Nos. 32, 37, 43, 50. During the December 30, 2019 conference, plaintiff was aware his response to defendant's discovery requests was overdue, stated that his response would be

---

[1] Plaintiff paid the filing fee to commence this action. ECF No. 7. However, due to a ministerial error, the filing fee was applied to a different action and plaintiff's complaint was dismissed. ECF Nos. 5–7. Plaintiff moved to reopen his case after filing a notice of appeal. ECF Nos. 8–9. The Court vacated the March 22, 2018 judgment and reopened the case. ECF No. 16. However, only plaintiff's claims against Officer Thomas Redmond were permitted to proceed. Id.

[2] The Court held these conferences by telephone to accommodate plaintiff. After several Court Orders sent to plaintiff were returned as undeliverable, plaintiff provided his contact information during a telephone conference on March 19, 2019. ECF No. 33

completed shortly, and requested an extension of time to respond until January 3, 2020. The Court granted plaintiff's request and ordered him to execute releases and to respond to defendant's outstanding discovery requests by January 3, 2020. ECF No. 51. Plaintiff failed to do so and did not contact defendant's counsel or the Court to request more time. ECF No. 52. Furthermore, plaintiff failed to appear for the January 28, 2020 Court-ordered telephonic conference without notice to defendant's counsel or the Court.

I ordered plaintiff to show good cause why he failed to comply with the Court's Order to respond to defendant's discovery requests and why he failed to appear for the January 28, 2020 Court-ordered telephonic conference. Id. I explicitly warned plaintiff that if he failed to show good cause by March 5, 2020, I would recommend that this case should be dismissed. Id. The Order was sent to plaintiff at the address he provided, where he previously received Court Orders. ECF No. 54. The Order has not been returned to the Court.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); see also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302–03 (2d Cir. 2009) (failure of *pro se* litigant to comply with court orders may result in sanctions, including dismissal with prejudice).

Plaintiff failed to comply with the Court's Order to respond to defendant's outstanding discovery requests by the deadline that he had proposed, and failed to appear for the January 28, 2020 Court-ordered telephonic conference. I ordered plaintiff to show good cause why this case should not be dismissed for his failure to comply with the Court's Order and for his failure to appear. I warned plaintiff that I would recommend that his case should be dismissed under Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A) if he failed to show good cause by March 5, 2020.

2

ECF No. 52. Despite this warning, plaintiff has not responded. Plaintiff's failure to comply with the Court's Orders makes it impossible to proceed in this action. This is plaintiff's action to vindicate his rights. The Court need not afford plaintiff unlimited opportunities to litigate his claims. Plaintiff has apparently abandoned this action. No lesser sanction than dismissal is appropriate under these circumstances.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Rules 16(f) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to mail plaintiff a copy of this Report.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 27, 2020
       Brooklyn, New York